Howell, J.
Plaintiffs sue to annul an order of seizure aud sale issued against them and the sale, on the 4th November, 1865, of their property in pursuance thereof, to defendant Browne, on the grounds : 1. That the act of mortgage, having been passed before a notary who derived liis authority from a rebel governor, cannot sustain the executory process. 2. That the consideration of the contract was Confederate treasury notes. 3. That the notice required by Article 735, C. P., is insufficient in not stating to whom and whore the debt should be paid. 4. That one of the plaintiffs did not receive three days’notice as required by said article. .5. That no list or enumeration of the property seized was made by the sheriff and served on plaintiffs, or embraced in his return according to Arts. 654 and 702, C. P. 6. That the advertisements did not contain a full and correct description or enumeration of the different articles seized with the plantation. 7. That the return of the sheriff is false aud fraudulent in not mentioning the suspension on the 27tli October, 1865, of the sale advertised for the 4th November, 1865, by’the order of Maj. Gen. Canby, by which all proceedings in any of the civil courts of the State, looking to the sale of said property, were stayed until 2lst January, 1866, by reason of which unlawful acts, the defendant Browne, assisted by Burke, the sheriff, was enabled to buy for §11,000 property worth over §40,000, and got possession of articles on the plantation not seized and advertised, such as corn, wood, mules, carts, plows and sugar cano, worth in all §17,000.
The right of action for fruits and revenues, and all damages, is reserved.
The defendant Browne filed a general denial, with an affirmation of all the executory proceedings and the averments; that said proceedings were instituted at the solicitation of x>laintiffs, who never communicated to him or the sheriff the said military order of suspension; but having learned it accidentally he procured its revocation prior to the day of sale; that if any irregularities exist, they have been waived and cured by the acts and declarations of the plaintiffs, who were present at and ratified the sale; that J. B. Humphreys, one of the plaintiffs, through an agent, leased jointly with T. J. Burke, one of the defendants, the plantation in controversy from the purchaser, Browne; that to deprive the latter of the *159 testimony of said Bourke, sheriff, plaintiffs illegaly made him a co-defendant, and that respondent is entitled to a severance and separate trial.
The sheriff made substantially the same defense. In a supplemental answer, Brown averred that the consideration of the contract inured to the benefit of plaintiffs, in extinguishing an equal amount of debts due by them, and on the trial ho filed the plea of res judicata as to the demand for the nullity or rescission of the order of seizure and sale.
A separate trial was granted to each defendant, judgment rendered in their favor, and plaintiffs appealod.
By consenting to submit the case as to each defendant on the same evidence, plaintiffs have waived the necessity of passing upon the right of severance in the defense.
The plea of res judicata cannot be sustained, as no issue was joined in the executory proceeding's, which can have the effect of the thing adjudged; the order is granted ex parte on authentic evidence, and the only question which the judge examines is whether the .evidence is sufficient to authorize the fiat. O. P. 734. We do not think, however, there is any legal causo shown for annulling the order. There is no evidence that the notary derived his authority from a rebel governor, and it is shown that the funds, upon which the defendant Browne drew his check in favor of plaintiffs, were deposited in a bank in legal currency before suspension, and that plaintiffs used the said check in the extinguishment, to its amount, of their indebtedness to their factors and others.
But, in our opinion, the military order staying all proceedings against the property until the 21st January following, when notified to the sheriff, as it was about a week prior to the day fixed, effectually put an end to the sale on the day advertised, and necessitated a new advertisement according to law, before the sale could be properly made. It was an injunction issued by competent and paramount authority, and tho subsequent order of revocation did no't dispenso with the legal formalities, and authorize the sale to be made on the day which had been fixed, but forbidden. Whether the cause -was sufficient or insufficient, the order had the effect of staying all proceedings, and tho subsequent order was not communicated to the sheriff until the night before the sale. In the forced alienations of property, all the formalities must be strictly observed.
The defense to this, that the plaintiffs have cured this and other defects, and ratified the sale, is not sustained by tbo evidence. It is shown that-one of them, on the day of sale, requested one or two parties not to bid on the property, as tho defendant Browne intended to buy it in for him. But this, at most, was an effort to secure himself and his creditor through the form of a public sale, and its effect, in this regard, depended on the execution of the whole agreement between himself and Browne, who cannot claim the benefit of it as a ratification, which he fails to show a compliance, or a readiness to comply on his part. The proof does not show that the same plaintiff afterwards joined in a lease of the property from the purchaser. The authority of tho alleged agent to make such lease is not established by legal evidence. As a party cannot be controlled in the order of introducing his evidence, the written agreement signed by Burke, the real lessee, and D. E. Kenner, for said J. B. Humphreys, *160 was admissible, but could liave no effect as proof, until the agency was shown by evidence of equal dignity, which was not adduced.
There is nothing to show acquiescence on the part of W. K. Humphreys. His presence at, and failure to object to the sale cannot be construed as a waiver of legal formalities, and his rights are unimpaired by the acts of his co-partner.
The property sold for $11,000, and the assessor states that ho assessed the plantation that year at $25,000. Under all the circumstances, we think tho judgment should bo reversed, and the sale set aside. As to tho articles claimed by plaintiffs as not seized and advertised, we find nothing, except probably cord-wood, which -was not included and described in the act of mortgage, and which by distinction is considered immovable, and of course comprised in the sale.
Tho wood being represented to be at the sugar-house, is presumed to have been used in converting the crop into sugar for the market, and will be included in an account of the fruits and revenues.
It is therefore ordered that the judgments appealed from be reversed, and that the sheriff sale, on 4th November, 1865, ot plaintiffs’ property in the parish of St. John the Baptist, and known as the “ Cornland Plantation, ” with tho improvements and appurtenances, described in an act of mortgage passed before A. I). Doriocourt, notary public, in New Orleans, on 22d October, 1861, by plaintiffs, in favor of defendant tí. Browne, be. set aside and annulled, and said property be restored to plaintiffs. It is further ordered that plaintiffs’ right of action, if any they have, against the defendants, for fruits and revenues, be reserved, and that defendants pay costs in both courts.